[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15294
Non-Argument Calendar

_____

BIA No. A79-400-388

XIA CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 27, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Xia Chen, proceeding *pro se*, seeks review of the Board of Immigration

Appeals' ("BIA's") decision, affirming the Immigration Judge's ("IJ's") order denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"). We find that we lack jurisdiction to consider Chen's claims of persecution on the basis of China's family-planning policies, and that substantial evidence supports the IJ's finding that she was not persecuted for her participation in Falun Gong activities. Accordingly, the petition is dismissed in part, and denied in part.

### *Background*

Chen, a native and citizen of China, arrived in the United States on May 22, 2001 and requested asylum at the airport. In a sworn statement submitted at the airport, she alleged that she had been persecuted on the basis of politics, that someone had tried to rape her, and that although she reported the incident, her assailant was not punished. Further, she alleged that she left because she was afraid that she would be forced to marry someone against her will. At a subsequent asylum interview, she explained that she was being threatened by a man named Jin-Xing, a powerful businessman with an uncle who worked for the Chinese government, because she had refused to marry him. She claimed that he had

2

beaten her brother and had attempted to rape her in order to force her to marry him. At this second interview, she stated that she had never been detained or arrested for any other reason.

Before the IJ, Chen requested that she be allowed to amend her asylum application, in light of the fact that she had a child after filing, and would now be subject to China's one-child policy. The IJ granted her request. She then testified that she was from a rural part of Fujian province and that she and her brother were practitioners of Falun Gong. She claimed that she and her brother were arrested while meditating with other practitioners. At the police station, the chief of police demanded that she marry his son, a man named Chen Jian Xing. After she refused, both she and her brother were beaten. Chen claimed that she was next detained in a small cell, until Chen Jian Xing took her to an interrogation room and attempted to rape her. A knock on the door stopped him, and he left, but the chief of police later returned and threatened to imprison her and her family if she did not agree to marry his son. She agreed and was released from prison. She alleged that she later complained to the authorities, but they declined to help her because of Chen Jian Xing's family connections.

Chen admitted that she had not testified to these facts in her prior interviews. However, she claimed that she had not fully understood the questions she was

asked or why she was being interviewed and had therefore refrained from saying too much. She also alleged that she wanted another child and that she feared that she would be prevented from having one if she was returned to China.

The IJ denied Chen's application, finding that she was not credible because there were several inconsistencies in the information she provided  Further, the IJ concluded that even if she had been credible, she had not established a nexus between the alleged events and her Falun Gong membership, as her testimony established that the threatening policeman was only interested in obtaining her agreement to marry his son. Additionally, the IJ found that Chen was not entitled to relief on her family planning persecution claim, since country reports established that the one child policy was fairly relaxed in the rural areas in which Chen lived. Chen appealed this decision to the BIA, arguing that the IJ's credibility findings were against the weight of the evidence. She claimed that discrepancies in her testimony were the result of anxiety, and that she had credibly testified that she would be persecuted because of her Falun Gong activties. The BIA adopted and affirmed the IJ's decision, including his credibility finding. Chen now seeks review of this decision.

### *Standard of Review*

When the BIA issues a decision, we review only that decision, except to the

4

extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the IJ and the BIA's legal determinations *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotation marks omitted). Likewise, a credibility determination is reviewed under the substantial evidence test, and "[we] may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818.

### *Discussion*

To establish eligibility for asylum, an applicant must demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that, if returned to her country, her life or freedom would be threatened on account of one of the same protected grounds. 8 U.S.C. § 1231(b)(3). Thus, an applicant who is unable to meet the standard for asylum is also unable to meet the more stringent standard for withholding of removal.

*Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1011 (11th Cir. 2005) (per curiam). For CAT relief, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Reyes-Sanchez v. U.S. Att'y. Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. §208.16(c)(2)).

Before us, Chen argues that the IJ erred in concluding that she was ineligible for INA or CAT relief on account of China's family planning policies. However, in her appeal to the BIA, she challenged only the IJ's credibility finding insofar as it related to her Falun Gong persecution claim and did not discuss her separate family planning claim. Since this claim was not administratively exhausted, we lack jurisdiction to review it and accordingly dismiss the petition on these grounds. 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Next, Chen argues that the IJ's ruling on her Falun Gong persecution claim is not supported by substantial evidence. The IJ based this decision, in part, on his conclusion that her testimony was not credible. "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citations omitted). Indications of

6

reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishment as the applicant repeatedly recounts his story. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam); *see also Dalide v. U.S. Attorney Gen.*, 387 F.3d 1335, 1343 (11th Cir. 2004) (affirming the BIA's adverse credibility determination, which was based upon its finding that the applicant's testimony conflicted with his answers to interrogatories, affidavit, deposition, and other documentary evidence).

Here, there were several material inconsistencies in Chen's testimony before the IJ and her earlier interviews, namely (1) her failure to mention her Falun Gong membership prior to the hearing before the IJ; (2) her earlier statement that she had never been arrested or detained, as compared to her later assertion that she was arrested while meditating; (3) her initial statement that only her brother was beaten, and her later testimony that she was beaten as well; and (4) inconsistencies in the name of the man who threatened her and his relationship with government officials. As such, there is substantial evidence supporting the IJ's adverse credibility finding. Further, although Chen presented country reports documenting the treatment of Falun Gong members generally, she presented no evidence beyond her incredible testimony that she was persecuted. *See Forgue*, 401 F.3d at 1287 (noting that an adverse credibility determination does not alleviate the IJ's duty to

7

consider other evidence produced by the asylum applicant). Thus, we cannot say that the IJ erred in finding that Chen failed to demonstrate eligibility for INA or CAT relief. Accordingly, we dismiss the petition in part, and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART**